IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DARRELL DWAYNE SMITH, | CV 24-64-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| INDEPENDENT RECORD, | |
| Defendants. | |

Plaintiff Darrell Dwayne Smith has filed a civil rights complaint under 42 U.S.C. § 1983 against the Helena Independent Record, alleging that they defamed him in December 2017 and early 2018. (Doc. 2.) The Complaint fails to state a claim for relief and could not be saved by amendment. Accordingly, it is dismissed.

I.   **IN FORMA PAUPERIS**

Smith has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Docs. 1, 5.) The request to proceed in forma pauperis is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Smith must pay the statutory $350.00 filing fee. Smith submitted an account statement showing an inability to pay

1

that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels,* 577 U.S. 82, 84 (2016) ("[T]he initial partial filing fee may not be exacted if the prisoner has no means to pay it."). Smith will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Smith must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce,* 577 U.S. at 87. By separate order, the Court will direct the facility where Smith is held to forward payments from Smith's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

Smith is incarcerated in Oregon, but the events at issue occurred in Helena, Montana in 2017 and 2018. He is proceeding in forma pauperis and without counsel. The sole named defendant is a Helena newspaper, the Independent Record. (Doc. 2 at 2.) The events at issue occurred in late 2017 and early 2018. (Doc. 2 at 3.) Smith alleges that the Independent Record "filed a report about me in there paper slandering my name and defiled my reputation. Defermation of

charactor. This is horrible as it is hard to find employment due to there actions writing what they did about me. Articles are still available and still affects employment. Articles still present in 2024. (*Id.* (verbatim).) It is not clear what the articles are, however, as Smith does not identify any specific statements except to state that they regard him "and [his] arrest." (*Id.* at 5.) For relief, he asks that the documents be destroyed and that he be compensated in the amount of $1,000,000. (*Id.*)

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Patterson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Smith's Complaint fails to state a claim for relief and must be dismissed for three reasons. First, Smith has named only a non-state actor as a defendant. To the extent he is claiming a violation of his rights by the Independent Record, that claim is not cognizable as a civil rights action in federal court. A claim under 42 U.S.C. § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting

3

under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). The Helena newspaper was not acting under color of state law when it published whatever it did about Smith and therefore is not subject to a 42 U.S.C. § 1983 suit.

Second, Smith does not allege the violation of a right "protected by the Constitution or created by a federal statute." *Id.* While slander is a form of speech that can be excepted from the First Amendment protections of the Constitution, freedom from slander is itself not protected by it. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Slander is generally considered a cause of action that arises under state law, as it does in Montana. Mont. Code Ann. §§ 27-1-801, et seq. As such, it is not a federal claim that can, by itself, sustain a § 1983 action. While it is possible to state a "defamation-plus" claim under Section 1983, such a claim requires that a plaintiff either "(1) allege that the injury to reputation was *inflicted in connection* with a federally protected right; or (2) allege that the injury to reputation *caused the denial* of a federally protected right." *Herb-Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphasis in original). Neither is implicated here.

Third, the statute of limitations for a defamation action in Montana is two years. *See* Mont. Code Ann. § 27–2–204(3). While Smith alleges that he is

continually harmed because the articles remain available, (*see* Doc. 2 at 5), his claim accrued when the articles were published, *see Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) ("A cause of action for defamation accrues immediately upon the occurrence of the tortious act and thus, is not appropriate for the continuing violation exception."). Smith filed this action almost five years too late.

Ultimately, in the absence of a timely constitutional claim against a state actor, Smith's complaint fails as a matter of law.

## IV. AMENDMENT

The Court has screened Smith's Complaint and determined that it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 and 1915A require a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Given the facts alleged, the Complaint's deficiencies could not be cured by amendment.

## V. CONCLUSION

Based upon the foregoing, IT IS ORDERED that:

1. Smith's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED."

3. Smith's Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

4. Smith's motion to appoint counsel (Doc. 4) is DENIED as MOOT.

5. The Clerk of Court is directed to have the docket reflect that the filing of this Complaint counts as a strike against Smith within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 8th day of October, 2024.

Donald W. Molloy, District Judge
United States District Court